

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BACHITAR SINGH; et al., | No. 08-70594 |
| Petitioners, | Agency Nos. A098-846-956 |
| v. | A098-846-957 |
| | A098-846-958 |
| ERIC H. HOLDER, Jr., Attorney General, | A098-846-959 |
| Respondent. | MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2012**
San Francisco, California

Before: TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Bachitar Singh (along with his wife and two children, whose applications are

derivative to his) petitions for review of the Board of Immigration Appeal's

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

decision affirming an Immigration Judge's denial of his application from asylum. We conclude that the Board's decision was supported by substantial evidence. We therefore deny the petition. *See Go v. Holder*, 640 F.3d 1047, 1052 (9th Cir. 2011).

The Board found Singh's account of past persecution credible but reasoned that the presumption of a reasonable and well-founded fear of future persecution was rebutted by evidence that Singh escaped persecution in the past by relocating to Mumbai and, later, Ludhiana. *See* 8 C.F.R. § 1208.13(b). Petitioners argue that Singh avoided persecution elsewhere only by hiding from police. He testified, however, that he was able to marry, travel, raise children, and supervise his farm while he lived in those cities. This testimony is substantial evidence in favor of the Board's conclusion that relocation within India is a feasible alternative to asylum.

Petitioners also point out that we held in *Singh v. Moschorak*, 53 F.3d 1031, 1034 (9th Cir. 1995), that "[i]t has never been thought that there are safe places within a nation when it is the nation's government that has engaged in the acts of punishing opinion that have driven the victim to leave the country." The petitioner in that case, however, was persecuted in several different locations, and there was no evidence that he had ever managed to avoid persecution by relocating. *Id*. at 1032-33. By contrast, the current lead Petitioner was persecuted only in his home

village by the local police and lived without persecution in both Mumbai and Ludhiana. The evidence does not compel a conclusion that the reach of Singh's persecutors is nationwide, but even if it did, the record in this case contains substantial evidence that Petitioners can relocate to a place where Singh will not in fact suffer persecution.

Finally, Petitioners argue that the Board only analyzed whether it was possible for Singh to relocate, not whether it was reasonable to expect him to do so. *See* 8 C.F.R. § 1208.13(b)(3); *Knezevic v. Ashcroft,* 367 F.3d 1206, 1214-15 (9th Cir. 2004). As described above, however, the Board took into account the fact that Singh successfully relocated in the past. This evidence suggests that it is reasonable to expect Petitioners to relocate again in the future.

**PETITION DENIED.**

3